In the Matter of JAMES F. LAMBRECHT et al., Infants, by CATHERINE FITZSIMMONS, Their Guardian ad Litem, Appellants, against GEORGE P. MONAGHAN, as Police Commissioner of the City of New York, and Chairman of the Board of Trustees of the Police Pension Fund, et al., Respondents.

First Department, November 12, 1952.

*Peter Schneider* of counsel (*Herbert Kaufman,* attorney), for appellants.

*Henry J. Shields* of counsel (*Seymour B. Quel* with him on the brief; *Denis M. Hurley, Corporation Counsel*), for respondents.

DORE, J. The Police Commissioner acting under the provisions of section 354 of the Greater New York Charter granted to the widow of the deceased policeman in question a pension of $600, effective as of the date of the policeman's death, October 5, 1937. That pension was paid until September 13, 1942, on which date the widow, now Catherine Fitzsimmons, remarried and by operation of law lost all rights to a pension for herself.

In December, 1947, the two infant children of the policeman, by their mother as guardian ad litem, made a new application for a pension for the children to the commissioner's successor, the board of trustees of the pension fund (established by Local Law No. 2 of City of New York of 1940, art. 1, § B18–6.0). The board granted the two children one pension of $600 effective November 6, 1947. Petitioners, the children, through their mother as guardian ad litem, contend that they are entitled to the pension from the date of their mother's remarriage on September 13, 1942.

The law governing the rights of the infants is the pension statute in force in October, 1937, when the father, the policeman, died (Greater New York Charter, § 354). That law vested discretionary power in the police commissioner to grant pensions to the members of the police force, their widows and orphans. The present board of trustees of the police pension fund, as successors of the commissioner, have the same power in dealing with pensions with respect to members of the police force who died before December 30, 1937, when section 354 was effective.

Special Term held that the board in the exercise of its discretion properly refused to make the payments retroactive to September 13, 1942, when the widow remarried and properly

fixed the date as of November 6, 1947, apparently the date of the mother's appointment as guardian ad litem.

Subdivision 1a of section 354 of the Greater New York Charter, which was in effect at the time of the deceased policeman's death in 1937, provides that: '' *All* pensions herein granted shall accrue and be paid from the date of the death of such member of the police force ''. (Italics added.)

It is true that under section 354, the board, as successor of the police commissioner, had complete discretion to refuse to grant any pension to the children as the police commissioner had to refuse any pension to the widow; but under the provisions of subdivision 1a quoted above, we think that once the board exercised its discretion to grant the pension, the board has no discretion as to the date; the pension must date from the date of the mother's remarriage, September 13, 1942, for then, considered in its total extent, the pension is paid from the date of the policeman's death under the mandatory provisions of subdivision 1a.

The infant petitioners, in our opinion, are not estopped from asserting their claim.

But while the pension is payable from the date of the widow's remarriage, under section 3-a of the General Municipal Law as amended, the claim, as a claim against a pension or retirement system is deemed to be a claim against a '' municipal corporation '' and under settled law interest thereon runs only from the date of filing a demand on the fiscal officer (*Rapid Transit Subway Constr. Co.* v. *City of New York,* 259 N. Y. 472, 495, 496, and cases cited). On the settlement of the order herein, the specific relevant date or dates can be agreed upon.

The order appealed from dismissing the petition should be reversed and an order entered directing respondents to make the pension payments of $600 to appellants from September 13, 1942, to November 6, 1947, with interest only from the date of the demand and at 4% pursuant to section 3-a of the General Municipal Law. Settle order.

CALLAHAN, J. (dissenting). This statute cannot be applied literally in the present circumstances for, if it was, the pension granted the children would have to date back to the time of their father's death and would result in double and illegal payments. Petitioner herein is asking to have the pension date back not to the date of the member's death, but to the date of her remarriage, so that she does not apply the statute literally. It seems to me that the provision that '' all pensions shall be paid

from the date of the death of such member " was intended to refer to action taken on the first pension application after the member's death, and not to applications for second or subsequent pensions.

At the time this application was filed the granting of any pension was discretionary, and the exercise of that discretion may have rested on the determination to pay any further pension to the children only in the future.

Under the circumstances, this court may not exercise the discretion which is granted to the trustees under the charter, and we should, if we reverse, order the return of the matter to the police commissioner for action *de novo*.

I vote to affirm.

PECK, P. J., COHN and VAN VOORHIS, JJ., concur with DORE, J.; CALLAHAN, J., dissents and votes to affirm, in opinion.

Order reversed and an order is directed to be entered directing respondents to make the pension payments of $600 to appellants from September 13, 1942, to November 6, 1947, with interest only from the date of the demand and at 4% pursuant to section 3-a of the General Municipal Law. Settle order on notice. [See 281 App. Div. 812.]